DANIEL S. PEARSON, Judge,
dissenting.
The majority finds “nothing to support the ex-wife’s contention that the alimony provision was otherwise intended as a non-modifiable property settlement.” I call to its attention (a) the insurance provision of the agreement, paragraph 19, in which the husband assigns to his wife then existing insurance policies of a face value of $67,700, along with all other policies obtained in the future, “with the proviso, however, that the wife’s claim against the aforesaid insurance shall not be greater than the amount of the lump sum alimony unpaid at the time of the death of the husband”; and (b) the alimony provision, paragraph 18, which, although calling for the termination of payments upon the wife’s remarriage, does not call for the termination of payments upon the wife’s death. I think it is certainly arguable that a fair reading of the agreement is that the husband’s obligation to pay the lump sum designated as alimony was intended to survive the death of either party, and was not therefore intended merely to discharge the husband’s obligation for his wife’s support.
In my view, it is far from clear that the alimony provision was not an integral part of the overall property settlement scheme. Since that is the case to me, I would reverse and remand for a hearing to determine, after the receipt of parol evidence, whether the parties intended this to be a mere alimony provision and thus subject to modification. That determination simply cannot be made from the agreement itself.